MRS. ELIZABETH SCOTT ET AL. v. MRS. H. T. SHINE.

Application No. 10338.   Motion No. 4178.   Delivered April 17, 1919.

**Constitutional Law—Writs of Error—Act of March 15, 1917.**

Mr. Justice Hawkins, dissenting, adheres to his dissenting opinion in San Antonio & Aransas Pass Ry. Co. v. Blair, 108 Texas, 434, the court following the ruling by the majority in that case without written opinion.   (P. 413.)

Motion in the Supreme Court for rehearing of an application for writ of error by the committee of judges of the Courts of Civil Appeals to whom same had been referred by the Supreme Court, under the Act of March 15, 1917, for the relief of that court.

Mrs. Shine sued Mrs. Scott and another, independent executors of the will of Winfield Scott, deceased, in the District Court of Tarrant

County, for damages for personal injuries. Plaintiff recovered judgment from which defendants appealed. On affirmance they applied to the Supreme Court for writ of error. The application was referred to the committee of judges appointed to pass on such applications, under Act of March 15, 1917, and by them refused. Thereupon petitioners filed this motion in the Supreme Court. This was overruled by the majority without written opinion, Mr. Justice Hawkins filing the written dissent here published.

*Miller & Miller, Glover C. Johnson,* and *I. W. Stephens,* for applicant.

MR. JUSTICE HAWKINS, dissenting.

Because of the recent change in the personnel of our Supreme Court I considered as reopened the question as to the constitutionality of the Act of March 15, 1917, H. B. No. 39, Acts 35th Legislature, chapter 76, p. 142, authorizing final disposition, by designated Justices of Courts of Civil Appeals, of referred applications to the Supreme Court for writs of error.

The action of my associates upon this motion impliedly sustains the validity of that statute. San Antonio & A. P. Ry. Co. v. Blair, 108 Texas, 434, 196 S. W., 502, opinion by Chief Justice Phillips. From that conclusion and holding I dissent upon the grounds and for the reasons heretofore stated by me in In re Supreme Court Dockets Relief Act of 1907, filed August 18, 1917 (Railway Co. v. Blair, 108 Texas, 434, 196 S. W., 1143), and in In re Subdivision Six of Supreme Court Jurisdiction Act of 1917, 201 S. W., 390, filed March 6, 1918, not yet officially reported.

If said Relief Act is unconstitutional the designated justices of the Courts of Civil Appeals were without jurisdiction or authority to consider and act upon said application, and it should be considered and acted upon by this court; although, of course, if said statute is valid, this court should not, in any case or instance, review the action of the "designated justices," no matter how erroneous their action upon any referred application or motion for a rehearing may be, such power of review being denied to this court by said Relief Act itself.

Under the circumstances I consider it proper thus to renew an expression of my views on the subject; but, in the future, as in the past, and as in duty bound, under our State Constitution, I will be controlled by the decision of the majority of the Supreme Court in the premises.